## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA Y. CISLER, | ) | |
| Plaintiff, | ) | 8:09CV364 |
| and | ) | |
| BALBINA BAHENA, | ) | |
| Plaintiff, | ) | 8:09CV365 |
| and | ) | |
| ANNA LA TORRE, | ) | |
| Plaintiff, | ) | 8:09CV366 |
| vs. | ) | ORDER |
| PAUL A. WILLSIE COMPANY, a Nebraska corporation d/b/a WILLSIE CAP AND GOWN COMPANY, | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion to Consolidate (Filing No. 27, in case 8:09CV364; Filing No. 28 in case 8:09CV365; Filing No. 27 in case 8:09CV366).[1] The plaintiffs filed a brief (Filing No. 28) in support of the motion. The defendant filed a brief (Filing No. 29) in opposition to the motion. The plaintiffs did not file a reply brief.

### BACKGROUND

These three cases arise from the employment of the plaintiffs as seamstresses with the defendant. The plaintiffs each filed a separate case against the defendant on October 12, 2009, alleging employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for disparate treatment related to the plaintiffs'

---

[1] All citations to the record will only be to the filings in case number 8:09CV364, unless specifically noted otherwise.

Hispanic origin.  **See, e.g.,** Filing No. 1.  Specifically, the plaintiffs allege they were given less favorable job assignments, supplies, lighting, work rules, and work hours, as compared to non-Hispanic employees, and suffered threats, ridicule, and reprimands from the same supervisor.  **See** *id.* ¶ 11.  Maria Y. Cisler (Cisler) also alleges a claim for retaliation and discriminatory termination for her layoff on November 6, 2007.  *Id.* ¶¶ 17, 24, 27-30.  Similarly, Ann La Torre (La Torre), who began employment in April, 2005, and resigned on March 24, 2008, alleges constructive termination.  **See** Filing No. 1 ¶¶ 21, 27 in case 8:09CV366.  Balbina Bahena (Bahena) began her employment in 1999 and is still an employee of the defendant.  **See** Filing No. 1 in case 8:09CV365.

On November 19, 2009, the parties filed their discovery planning reports noting the three cases were related.  **See** Filing No. 11.  Accordingly, on November 20, 2009, the court entered an order consolidating the cases for discovery.  **See** Filing No. 13.  The cases were scheduled for a pretrial conference on August 27, 2010, but each case had a different trial date.  **See** Filing No. 17.

On June 6, 2010, the plaintiffs filed the instant motion to consolidate the cases for trial.  **See** Filing No. 27 - Motion.  The plaintiffs contend the cases share common issues of law and the same defendant.  **See** Filing No. 28 - Brief p. 3.  Further, the plaintiffs assert common facts are at issue, namely that the conduct of the defendant's employee and the plaintiffs' direct supervisor, Cathy Sadil, is central to each case.  *Id.*  The plaintiffs argue the defendant will not suffer prejudice if the cases are consolidated for trial.  *Id.*

The defendant opposes consolidation for trial.  **See** Filing No. 29 - Brief.  The defendant argues each of the plaintiffs have unique situations and legal arguments.  As examples, the defendant notes one plaintiff is still employed, while one was laid off, and one resigned.  Additionally, the plaintiffs make specific complaints related to different issues such as whether they were subject to low lighting (one plaintiff), limited to thirty-two-hour work-weeks (two plaintiffs), or reprimanded for speaking Spanish.  While there may be common legal and factual issues, the defendant contends the trials should remain separate because consolidation will lead to inconvenience, inefficiency, or unfair prejudice.  The defendant argues it will be subject to unfair prejudice because the jury will have a

difficult time separate the facts as to each plaintiff and may penalize the defendant in regard to one plaintiff for conduct against another plaintiff. *Id.* at 5.

## ANALYSIS

Consolidation of separate actions is governed by Fed. R. Civ. P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)  join for hearing or trial any or all matters at issue in the actions;
> (2)  consolidate the actions; or
> (3)  issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The plaintiffs have met their burden to show consolidation is appropriate for the actions listed. The cases clearly present some common issues of law and fact, the cases involve the same defendant and supervisory employee, nearly identical causes of action, and the same time period. The evidence suggests consolidation of these matters will promote judicial economy. There is no evidence consolidation will lead to inconvenience,

inefficiency, or unfair prejudice. Although the defendant argues certain evidence regarding one plaintiff may be prejudicial as to claims made by the others, the defendant fails to show such evidence would be excludable in a separate trial. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Consolidate (Filing No. 27, in case 8:09CV364; Filing No. 28 in case 8:09CV365; Filing No. 27 in case 8:09CV366) is granted.

2. The pretrial conferences scheduled for August 27, 2010, and the separately scheduled trial dates are cancelled.

3. The court will hold a telephone conference with counsel to reschedule the pretrial conference and joint trial upon resolution of the defendant's motion for summary judgment (Filing No. 22). Counsel for the plaintiffs shall schedule the telephone conference with the undersigned magistrate judge within **ten days** of an order on the defendant's motion.

DATED this 13th day of August, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.